NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO MARTINEZ FLORES, | No. 23-145 |
| Petitioner, | Agency No. A208-836-777 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2024**
San Francisco, California

Before: BOGGS, *** NGUYEN, and LEE, Circuit Judges.

Pedro Martinez Flores, a native and citizen of Mexico, petitions this court for

review of the decision of the Board of Immigration Appeals (BIA) denying his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

application for cancellation of removal under 8 U.S.C.§ 1229b(b)(1). Where the BIA issues its own decision, while relying in part on the immigration judge's reasoning, we review both decisions. *See Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). Questions of law are reviewed *de novo*. *Marmolejo-Campos v. Holder*, 558 F.3d 903, 908 (9th Cir. 2009) (en banc). We also review de novo due-process challenges to immigration decisions. *Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 377 (9th Cir. 2003). Factual findings are reviewed under the substantial-evidence standard, pursuant to which the findings must stand unless the evidence compels a different conclusion than the one reached by the BIA. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Martinez Flores, who entered the United States in 1994, had removal proceeding initiated against him in April 2017 for being a noncitizen present in the United States without being admitted or paroled. 8 U.S.C. § 1182(a)(6)(A)(i). In March 2018, he conceded the charge of inadmissibility and filed an application for cancellation of removal, claiming that his removal would cause undue hardship to his daughter, who at that time was a United States citizen under 21 years of age. *See* 8 U.S.C. § 1229b(b) (setting forth eligibility requirements for cancellation).

After Martinez Flores and his United States citizen daughter, Lisette, testified at his removal hearing in March 2019, the immigration judge (IJ)

indicated that she was inclined to grant Martinez Flores's application for cancellation of removal. But due to the yearly statutory cap on grants of cancellation of removal, she reserved her decision until a visa number became available as required by 8 C.F.R. § 1240.21(c)(1). When Lisette turned twenty-one on September 17, 2020, the IJ still had not received notification that a visa was available. On November 10, 2020, pursuant to 8 U.S.C. § 1229b(b), DHS filed a motion to pretermit Martinez Flores's cancellation application on the grounds that he had lost his only qualifying relative because Lisette was no longer a child. On January 19, 2021, the IJ granted DHS's motion and denied Martinez Flores's application for cancellation or removal, stating that she "had the full intention of granting his application as soon as a visa became available in a subsequent fiscal year. Unfortunately, no visa became available before Lisette lost her status as a qualifying relative." On appeal, the BIA affirmed on the grounds that Martinez Flores's child had aged out before the cancellation application was finally adjudicated. Martinez Flores timely filed this petition for review.

Martinez Flores argues that he was denied due process when he was denied cancellation of removal because no visa was available before his daughter aged out. In *Mendez-Garcia v. Lynch*, 840 F.3d 655 (9th Cir. 2016), this court addressed a factual situation similar to the one presented here—petitioners' qualifying relatives both turned twenty-one while their applications for cancellation of

3

removal were pending. *Mendez-Garcia* rejected the petitioners' claim that the agency's delay in the adjudication of their applications until after their qualifying relatives "aged out" violated their due-process rights. 840 F.3d at 666–67. We reach the same conclusion here. Under 8 C.F.R. § 1240.21(c)(2), the IJ was required to reserve a decision to grant Martinez Flores's application "until such time as a grant [of cancellation of removal] becomes available under the annual limitation." Accordingly, Martinez Flores cannot show he was deprived of a substantive right. *See Mendez-Garcia*, 840 F.3d at 655 ("No statute or regulation requires the government to take action on [the plaintiffs' cancellation] applications within a set period.").

Martinez Flores argues that his case is different from *Mendez-Garcia* because the IJ who first presided over his case had "a personal disliking" toward him, exhibited aggressive and rude behavior, and intentionally delayed his proceedings to conduct a hearing to determine whether his perjury conviction qualified as a crime involving moral turpitude (CIMT), even though DHS counsel agreed that it did not. The BIA held that the record did not support Martinez Flores's claim that the IJ intentionally delayed the proceedings, as the IJ had an appropriate reason to determine if perjury would constitute a CIMT, which would have rendered Martinez Flores ineligible for cancellation. The BIA also rejected his argument that court closures due to the COVID-19 pandemic caused delays that violated his due-process

rights and noted that his removal proceedings spanned less than four years. Martinez Flores has presented no evidence that compels a different conclusion. Indeed, petitioner's counsel sought continuances and never sought to expedite his proceedings before the IJ. *See Mendez-Garcia*, 840 F.3d at 670 (Watford, J., concurring) ("The problem for [petitioner] is that he did nothing during that entire three-year period of delay to try to expedite review of his application.").

**PETITION FOR REVIEW DENIED**.